MANDEL GOTTESMAN et al., Respondents, *v.* FURNESS, WITHY & COMPANY, LTD., Appellant.

*Duress — carriers — when consignee may recover back lighterage charges paid under protest, where vessel discharges cargo into lighters in midstream instead of at wharf — custom.*

*Gottesman* v. *Furness, Withy & Co., Ltd.,* 196 App. Div. 961, affirmed. (Submitted May 9, 1922; decided May 31, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1921, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The complaint alleged two causes of action, both for the recovery back of moneys paid under duress. The first cause of action alleged in substance that the plaintiffs were the owners of 1,770 bales of wood pulp shipped aboard the *Ocean* from Gothenburg, Sweden, in January, 1917, under a bill of lading delivered to the plaintiffs by the defendant's principal, Swedish America Mexico Line, which provided for delivery at the port of Baltimore; that the *Ocean* arrived in Baltimore harbor in February, 1917, and discharged her cargo (including the plaintiffs' wood pulp) into lighters in midstream, and that the defendant refused to deliver the plaintiffs' property to them unless they paid the expenses incurred in lightering their wood pulp from the vessel in midstream to a pier, claiming a lien on the property for the amount thereof; and that in order to obtain their goods the plaintiffs paid the amount demanded, under protest. The second cause of action was identical with the first, except that it related to a lot of 2,500 bales of wood pulp belonging to the plaintiffs, which were shipped aboard the *Ocean* on the same voyage under a similar bill of lading. In each cause of action the complaint alleged that it had been the immemorial custom and usage for seagoing vessels entering the port of Baltimore to discharge their cargo at wharves and piers in the port. The answer denied the allegation as to custom and alleged that owing to congestion at the port no berth was available for discharge of the cargo

and to avoid great loss by delay it was necessary to discharge the cargo into lighters.

Roscoe . H. Hupper for appellant.

Emil Weitzner and David Steckler for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.